(14 Misc. Rep. 187.)

NEW YORK LAND–IMPROVEMENT CO. v. CHAPMAN.

(Superior Court of New York City, General Term. October 24, 1895.)

APPEAL—DISMISSAL—FAILURE TO PROSECUTE.
    An appeal will not be dismissed absolutely for failure to prosecute, but an order will be granted dismissing the appeal unless appellants proceed within a certain time and pay the costs of motion to dismiss.

Action by the New York Land-Improvement Company against William S. Chapman. Judgment was entered on a verdict directed for defendant, and plaintiff appeals. Defendant moves to dismiss the appeal for want of prosecution. Denied on condition.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Burton N. Harrison, for the motion.
Parrish & Pendleton, opposed.

PER CURIAM.   Upon a trial of the issues, had on December 10, 1891, the judge presiding directed a verdict for the defendant, on which judgment was shortly thereafter entered for $442.65 costs. The plaintiff thereupon appealed to the general term.   A case on appeal was served, to which amendments were proposed by the respondent.   Notice was given that the case and amendments would be presented to the trial judge for settlement on a day named.   An adjournment was had, by consent of the respective attorneys, until December 12, 1892.   On the day preceding the last-mentioned date the respondent's attorney died, and the appellant, in consequence, did not proceed with the proposed settlement.   Indeed, the death of the respondent's attorney suspended all further proceedings until another attorney was substituted, or until 30 days after service of notice on the client to appoint a new attorney.   Code, § 65.   No such notice was given.   On April 9, 1895, Burton N. Harrison was, by order duly entered and served, made the attorney of record for the defendant.   The plaintiff was then in a position to proceed, but nevertheless remained passive.   No order has been made directing the filing of the case, or declaring the case abandoned.   Sup. Ct. Rule 6.   Hence the respondent is not in a position to demand the unconditional dismissal of the appeal, but he is entitled to arouse the plaintiff to action, and compel it to prosecute or abandon the appeal. The plaintiff has not proceeded with proper diligence, and is guilty of laches in neglecting to renotice the case for settlement after the substitution of Mr. Harrison, in April last.   While the death of the defendant's former attorney suspended proceedings, the suspension was temporary only, and ceased on the service of the order appointing the new attorney.   The duty of proceeding with the appeal according to prescribed practice was revived, and the plaintiff was called upon to act.   In view of the almost inexcusable neglect to proceed, the defendant's motion to dismiss the appeal must be granted, with costs, unless, within five days after service of the order to be entered herein, the plaintiff causes the case and amendments to be submitted to the trial judge for settlement, and pays $10 costs of motion; in which event the motion will be denied, without costs.